Allegra GREEN, Plaintiff—Appellant,

v.

TIME–LIFE LIBRARIES INC.; Time–Life Inc; Aol Time Warner Inc.; American Arbitration Association; Stokes Lawrence Ps; Frederick T. Rasmussen; Hunter & Williams, Defendants—Appellees.

No. 02–35736.

D.C. No. CV–02–00113–MJP.

United States Court of Appeals, Ninth Circuit.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Dec. 16, 2002.*

Decided May 16, 2003.

Before SNEED, SKOPIL and FARRIS, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Allegra Green filed this pro se action in state court against (1) an arbitrator; (2) the arbitrator's law firm; (3) the American Arbitration Association; (4) her former employer; (5) corporate affiliates of her former employer; and (6) the employer's law firm. Defendants removed the case to federal court and successfully moved for dismissal. On appeal, Green argues that the district court erred by refusing to remand her case to state court and by dismissing the federal action. We affirm.

■ The district court properly dismissed the non-diverse defendants, the arbitrator and his law firm, because they were fraudulently joined. *See United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir.2002) (explaining doctrine of fraudulent joinder). Green's claims against these defendants arising from arbitration fail as a matter of law because they are barred by the doctrine of arbitral immunity. *See Wasyl Inc. v. First Boston Corp.*, 813 F.2d 1579, 1582 (9th Cir.1987) ("arbitrators are immune from civil liability for acts within their jurisdiction arising out of their arbitral functions in contractually agreed upon arbitration hearings"). Green's claim against the law firm for tortious interference also fails because she did not allege any facts to support such a claim under state law. *See Omega Environmental, Inc. v. Gilbarco, Inc.*, 127 F.3d 1157, 1166 (9th Cir.1997) (listing elements of tortious interference claim). Accordingly, the district court had diversity jurisdiction and did not err by refusing to remand the case to state court. *See United Computer Sys.*, 298 F.3d at 761 (noting that fraudulently joined defendant

is ignored for purposes of determining diversity jurisdiction).

The district court dismissed the remaining defendants because they were not properly served. Although Green e-mailed, faxed, and mailed the complaint to defendants before removal, none of these methods satisfies the service requirements under Washington State Superior Court Rules. *See* Wash. Sup.Ct. Civ. R. 4. After removal, she admits that she failed to serve the defendants pursuant to Fed. R. Civ. Pro. 4. Because these remaining defendants were never properly served, the district court did not err in granting their motion to dismiss.

AFFIRMED.